Thomas V. Girardi, SBN 36603 (tgirardi@girardikeese.com)
Graham B. Lippsmith, SBN 221984 (glippsmith@girardikeese.com)
GIRARDI | KEESE
1126 Wilshire Boulevard
Los Angeles, CA 90017
(213) 977-0211; (213) 481-1554 FAX

Douglas A. Linde, Esq. SBN 217584
Aren Kavcioglu, Esq., SBN 221992
Erica L. Allen, Esq. SBN 234922
THE LINDE LAW FIRM
9000 Sunset Blvd #1025
Los Angeles, CA 90069
(310) 203-9555; (310) 203-9233 FAX

Counsel for Plaintiff and the proposed Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMDARA SOK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT NEXTEL CORPORATION, and DOES 1 through 10, inclusive.<br><br>Defendants. | CASE NO. **SACV10-01858 JST (RNBx)**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF CA BUSINESS & PROFESSIONS CODE § 17200 AND DECLARATORY RELIEF** |

TO THE HONORABLE COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD HEREIN:

Plaintiff, by and through her attorneys, brings this action upon her own behalf and on behalf of all others similarly situated, and alleges the following upon personal knowledge, or where there is not personal knowledge, upon information and belief:

- 1 -
COMPLAINT

## JURISDICTION AND VENUE

1. This Court has federal jurisdiction pursuant to 28 U.S.C. sections 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C. section 1332(d)(2) and 28 U.S.C. section 1332(a)(1), for the following reasons.

2. This matter is a class action as defined pursuant to 28 U.S.C. 1332(d)(1)(B) and 28 U.S.C. 1453.

3. It is more likely than not that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Additionally, this is a class action in at which one class member is a citizen of a state different from that of SPRINT NEXTEL CORPORATION.

## PARTIES

4. Plaintiff KIMDARA SOK is a resident of the State of California, County of Orange.

5. Defendant SPRINT NEXTEL CORPORATION, is a Delaware corporation whose headquarters and principal place of business is located at 6220 Sprint Parkway, Overland Park, Kansas.

6. The true names and capacities of the defendants named herein as DOES 1 through 100, inclusive, whether individual, corporate, or otherwise, are currently unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities when they have been ascertained.

7. At all times relevant hereto, each of the respective defendants, including those designated as DOES, were and are the agents, servants, and employees of each other or in the alternative were acting in a common conspiracy, each with the other, in performing the acts herein complained of, acted within the course and scope of their respective agency and employment or in the furtherance of said

conspiracy, or in the alternative aided and abetted the other defendants in performing the acts complained of herein.

## GENERAL ALLEGATIONS

8. Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in this Complaint as if fully set forth herein.

9. Plaintiff is a consumer of Defendant's telecommunications services, who purchased a telephone in reliance upon Defendant's extensive and long term marketing and advertising of same, and expecting to receive what Defendant had marketed.

10. Defendant's extensive and long term marketing and advertising is materially false.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

12. The class which Plaintiff seeks to represent is defined as follows:

All persons in the State of California, who within the last four years, purchased any good and/or service from Defendants providing data transport on and/or allowing use of applications on WiMAX, that was marketed as 4G.

13. Excluded from the class are Defendants' directors, officers, employees, and counsel.

14. Plaintiff reserves the right to modify the class definition if appropriate.

15. <u>Numerosity</u> (Fed. R. Civ. P. 23(a)(1)): The PLAINTIFF CLASS is so numerous that joinder of all individual members in one action would be impracticable. The disposition of their claims through this class action will benefit both the parties and this Court.

16. Plaintiff is informed and believes and thereon alleges that there are, at a minimum, thousands (i.e. two thousand or more) of members that comprise the PLAINTIFF CLASS. The exact

size of the PLAINTIFF CLASS and identities of individual members thereof are ascertainable through Defendants' records, including but not limited to Defendants' sales and transaction records.

17. Members of the PLAINTIFF CLASS may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

18. <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)): Plaintiff's claims are typical of the claims of the entire PLAINTIFF CLASS.  The claims of Plaintiff and members of the PLAINTIFF CLASS are based on the same legal theories and arise from the same unlawful conduct.

19. Plaintiff and members of the PLAINTIFF CLASS were each customers of Defendants, each having made a purchase or transacted other business with Defendants within 4 years of the filing of the instant Complaint.

20. <u>Common Questions of Fact and Law</u> (Fed. R. Civ. P. 23(a)(2) and (b)(3)):  There are a well-defined community of interest and common questions of fact and law affecting the members of the PLAINTIFF CLASS.

21. The questions of fact and law common to the PLAINTIFF CLASS predominate over questions which may affect individual members and include the following:

    a. Whether Defendants' practices as alleged herein are unfair, unlawful or fraudulent;

    b. Whether Plaintiff and the class members are entitled to disgorgement of Defendants' profits from the business practice complained of herein;

    c. Whether Plaintiff and the class members are entitled to injunctive relief and, if so, what that relief should be; and

d.  What other forms of relief, if any, are appropriate to remedy the violations complained of herein.

22. <u>Adequacy of Representation</u> (Fed. R. Civ. P. 23(a)(4)):  Plaintiff is an adequate representative of the PLAINTIFF CLASS because his interests do not conflict with the interests of the PLAINTIFF CLASS which Plaintiff seeks to represent.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the PLAINTIFF CLASS and has no interests antagonistic to the PLAINTIFF CLASS.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

23. <u>Superiority</u> (Fed. R. Civ. P. 23(b)(1) and 23(b)(3)):  A class action is superior to other available means for the fair and efficient adjudication of the claims of the PLAINTIFF CLASS.  While the aggregate damages which may be and if awarded to the PLAINTIFF CLASS are likely to be in the millions of dollars, the actual damages suffered by individual members of the PLAINTIFF CLASS are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the PLAINTIFF CLASS to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the PLAINTIFF CLASS.  The likelihood of individual PLAINTIFF CLASS members prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the PLAINTIFF CLASS.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

24. <u>Injunctive Relief</u> (Fed. R. Civ. P. 23(b)(2)):  Defendants have acted on grounds generally applicable to the PLAINTIFF CLASS, thereby making appropriate final injunctive relief with respect to the PLAINTIFF CLASS as a whole.

25. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

**CAUSE OF ACTION**
**Violation of Unfair Competition Law**
**(Cal. Bus. & Prof. Code § 17200 et seq.)**
**(As Against Defendant SPRINT NEXTEL CORPORATION, and DOES 1 through 100)**

26. Plaintiff incorporates by reference all allegations contained in this Complaint as though set forth fully herein.

27. California Business & Professions Code § 17200 et seq. (the "UCL") prohibits unfair competition.  In this context, "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice ...."  Cal. Bus. & Prof. Code § 17200.

28. The "unlawful" prong of the UCL permits a plaintiff to obtain relief from anything that can properly be called a business practice and that at the same time is forbidden by law, regardless of whether the underlying law provides for a private right of action.   Defendants' conduct is actionable under the unlawful prong of Business & Professions Code § 17200 because, inter alia, the conduct constitutes a breach of contract, breach of the implied covenant of good faith and fair dealing, and is in violation of statutes, including Cal. Civ. Code §§ 1951.1 and 1671.  Each such violation is a violation of Business & Professions Code § 17200.

29. The "unfair" prong of the UCL is intentionally broad, thus allowing courts maximum discretion to prohibit new schemes to defraud.  Outside of the competitor context, lower courts have

enunciated differing tests for unfairness under the UCL.  One test is that the harm to the victim outweighs the justification of the alleged wrongdoer.  A different test is that the defendant's acts offend a public policy that is tethered to some statutory provision.  Still another test is that the defendant's acts constitute sharp practices.

30. The "fraudulent" prong of the UCL bears little resemblance to common-law fraud.  The test is whether the public is likely to be deceived.

31. As set forth more fully herein, Defendants and each of them have engaged and continue to engage in unlawful, unfair, and/or fraudulent business acts or practices, by charging its tenants, including plaintiff, additional rent as a penalty where late is delinquent.

32. Plaintiff suffered injury in fact and has lost money as a result of Defendants' extensive and long term marketing campaign.

33. Plaintiff reasonably believes that defendants' wrongful practices alleged herein are ongoing and continue to be a threat to plaintiff and the class members.  Unless restrained, Defendants will continue to engage in such conduct.

34. Plaintiff and the class are therefore entitled to injunctive relief, restitution, and/or disgorgement in amounts to be proved at trial, and other relief as pleaded in the Prayer for Relief.

**PRAYER FOR RELIEF**

35. WHEREFORE plaintiff, individually and on behalf all others similarly situated, prays for the following relief against Defendants:

36. An order certifying that this action may proceed as a class action;

37. Judgment in favor of Plaintiff and the Class and against Defendants;

38. An injunction enjoining Defendants from directly or indirectly committing further wrongful acts as alleged herein;

39. An order directing restitution or disgorgement in an allowable amount to be proved at trial;

40. Pre- and post-judgment interest to the maximum extent permissible;

41. An award to plaintiff and the class members of their costs and expenses incurred in this action, including reasonable attorneys' fees, as allowed by law, including but not limited to Code of Civil Procedure § 1021.5

42. Such other or further relief as the court may deem just or proper.

DATED: December 6, 2010

GIRARDI KEESE
THE LINDE LAW FIRM

By: _____
Thomas V. Girardi
Graham B. LippSmith
Douglas A. Linde
Aren Kavcioglu
Erica L. Allen

Attorneys For Plaintiff and the proposed Class

Douglas A. Linde, State Bar No. 217584
The Linde Law Firm
9000 Sunset Blvd., Suite 1025
Los Angeles, CA 90069
(310) 203-9333
(310) 203-9233 FAX

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMDARA SOK, individually and on behalf of all others similarly situated, <br> PLAINTIFF(S) <br> v. <br> SPRINT NEXTEL CORPORATION, and DOES 1 through 10, inclusive. <br> DEFENDANT(S). | CASE NUMBER <br> **SACV10-01858 JST (RNBx)** <br><br> **SUMMONS** |

TO: DEFENDANT(S): <u>All above named Defendants</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>The Linde Law Firm</u>, whose address is <u>9000 Sunset Blvd., Suite 1025, Los Angeles, CA 90069</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: Dec 6, 2010        By: A. Avila
                              Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Douglas A. Linde, State Bar No. 217584
The Linde Law Firm
9000 Sunset Blvd., Suite 1025
Los Angeles, CA 90069
(310) 203-9333
(310) 203-9233 FAX

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMDARA SOK, individually and on behalf of all others similarly situated,<br>PLAINTIFF(S)<br>v.<br>SPRINT NEXTEL CORPORATION, and DOES 1 through 10, inclusive.<br>DEFENDANT(S). | CASE NUMBER<br>SACV10-01858 JST (RNBx)<br><br>SUMMONS |

TO: DEFENDANT(S): **All above named Defendants**

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, **The Linde Law Firm**, whose address is **9000 Sunset Blvd., Suite 1025, Los Angeles, CA 90069**. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: Dec. 6, 2010          By: A. DeAvila
                                  Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)          SUMMONS



# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
KIMDARA SOK, individually and on behalf of all others similarly situated,

**DEFENDANTS**
SPRINT NEXTEL CORPORATION, and DOES 1 through 10, inclusive.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Douglas A. Linde and Erica L. Allen
THE LINDE LAW FIRM
9000 Sunset Blvd., Ste. 1025, Los Angeles, CA 90069, (310) 203-9333

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1441 and 1446, Diversity Jurisdiction.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | | |

SACV10-01858 JST (RNBx)

FOR OFFICE USE ONLY:  Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                 CIVIL COVER SHEET                 Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Sprint Nextel Corporation- Kansas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date 12/6/10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |